CHARLOTTE KELLOGG *vs.* INHABITANTS OF NORTHAMPTON.

A declaration, in an action to recover damages of a town for a defect in a highway, which alleges the defendants' failure to keep it in repair " at a place near the house of K." whereby the plaintiff, walking at that place, was injured, does not describe the spot where the accident occurred with such certainty that the defendants, if they do not expressly deny, in their answer, their liability to keep the highway in repair at that spot, can be deemed, under *St.* 1852, *c.* 322, § 26, to have admitted that they were bound to keep it at that spot in a fit condition for travel.

In an action to recover damages of a town for a defect within the located limits of a high way, but without the travelled path, if the judge instruct the jury generally that the defendants are liable for a failure to keep the highway at that place safe and convenient for travel, without more particularly defining such liability for defects without the travelled path, though requested by the defendants so to qualify the instructions, the defend ants are entitled to a new trial.

ACTION OF TORT. The declaration was thus : " And the plaintiff says there is in the town of Northampton a public highway leading from Welch End Bridge (so called) by the house of one George Kellogg towards Westhampton, which said defendants are bound to keep in repair; that the same was negligently suffered by said defendants to be out of repair (after reasonable notice that the same was out of repair) at a place in said highway near the house of said George Kellogg, whereby the plaintiff, walking in and upon said highway at the place aforesaid, and using due care, was hurt."

The defendants filed the following answer : " 1st. They deny that said highway was suffered by the defendants to be out of repair at the place alleged. 2d. They deny that they had reasonable notice that the same was out of repair, if defective at said place. 3d. They deny that the plaintiff was using due care at the time of the alleged injury. 4th. They deny that the injury complained of was caused by the alleged defect."

At the trial in the court of common pleas, before *Sanger, J.*, there was evidence tending to show that said highway was about sixty feet wide, partly covered with grass, and that the plaintiff, about noon, was passing from a dwelling house ad joining her father's on said highway to go southerly along the highway, and within six or seven feet of the gate broke through

with her foot a culvert over a ditch, covered with plank and then with gravel to the depth of from two to six inches; that this ditch had existed more than thirty years, and served principally as a watercourse for the water coming from the high ground west of the road, and also to carry off the water from the surface of the road; that the culvert was built since the erection of the houses on the easterly side of the road, and six years before the accident, under the direction of the surveyor of the district and the selectmen of the town, the owners of lands opposite contributing thereto, and had since been sometimes repaired by the selectmen and by order of the surveyor; that at certain seasons of the year the culvert was not large enough to carry off all the water, and the water then overflowed and ran down the road by the side of the culvert, and at such seasons, to avoid the water and mud in the middle of the road, the travel passed along and upon the culvert.

The defendants contended, and requested the court to instruct the jury, "that if, previously to the erection of any buildings on the easterly side of the highway, and for more than thirty years, there had existed a ditch on that side, for the course of the water; and six years before the accident, the culvert was built for the convenience of the adjacent owners, and not for the purposes of general travel, and was not necessary for that purpose; then the town would not be obliged to keep the same in repair, and would not be liable for damages caused to the plaintiff, by a defect in the same, even if it was built, in the whole or in part, by order of the selectmen or surveyor, provided the highway necessary for the public travel was safe and convenient, and in repair, both for persons travelling on foot and in carriages; or if the culvert was built by their order as a gratuity, the town being under no legal obligation to build it, that it would not create a liability, under the terms and restrictions above stated."

The judge declined so to instruct the jury, but instructed them "that, upon the pleadings in this case, it was not open to the defendants to show that the place where the accident happened was not within the limits of the highway, or that they were not bound to keep the way at that place in repair; that

whether the defendants had kept the highway at that place so in repair, that it was at that time safe and convenient for travellers, was a question of fact for the jury; that when the jury were passing upon the question of the safety and convenience of the highway, they should take into consideration the locality of the way itself, and the amount and nature of the travel over it; that it was the duty of the defendants to provide for the flow of the water, whether surface or other water; that they could do so by a gutter (either with or without a railing, as the mode of the construction of the gutter made a railing necessary or not, for the safety and convenience of the travel) or by a culvert or otherwise; but that in whatever way it was done, they must do it in such a way, as to leave the way safe and convenient for the travel over said way; that if the way at that place was not safe and convenient, considering the locality itself, and the nature and amount of the travel over it, then the defendants would be liable, if the plaintiff was at the time in the exercise of due care."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. P. Huntington,* for the defendants.

*C. Delano,* for the plaintiff.

BIGELOW, J.[*] The ruling of the judge as to the effect of the defendants' answer went further than was warranted by the allegations in the declaration. The existence of the highway, and the general duty of the defendants to keep it in repair in a certain designated position or vicinity, were alleged with substantial certainty and precision, and these averments, not being denied in the answer, must, by the express provision of the practice act, be deemed and taken to have been admitted. *St.* 1852, *c.* 312, § 26. It was not necessary, therefore, for the plaintiff to prove the liability of the town to keep the road in repair in the locality designated by the terms of description used in the declaration. But beyond this the admission did not extend. The declaration did not describe the precise place in the highway in

---

[*] DEWEY, J. did not sit in this case.

which the alleged accident happened.   It did not aver it to be in the centre or on the side of the road, or in the travelled path; nor did it allege its distance from any given point.   Neither did it aver it to be the duty of the town to keep the road in a safe condition for travel within the entire space comprehended by its located limits.   There was no allegation or description which would enable the defendants to designate the exact spot in the highway where the alleged defect existed.   A certain portion of the entire highway was described; but the place in that portion where the accident occurred was not designated.   In this respect the declaration is wanting in substantial certainty and precision. While, therefore, the defendants were precluded by their answer from denying that the place where the accident happened was within the limits of the highway as located, and from setting up in defence that they were not bound to keep the highway described in the declaration in safe and convenient repair, we think it was open to them, on the pleadings, to prove that the exact spot where the alleged defect existed was in that part of the road which it was not incumbent on them by law to keep in a condition fit for travel.

It follows from this view of the averments and denials of the respective parties in their pleadings, that the instructions to the jury were erroneous and defective.   It appears by the facts stated in the bill of exceptions, that the highway in question was of an unusual character; that it occupied a space of four rods in width, and that a large portion of it was not used for travel, being covered with grass.   It also appeared that the accident occurred on the side of the road, quite near the fence, and while the plaintiff was in the act of passing from a dwelling house into the highway, and before she had reached that part of the highway which was used ordinarily by foot passengers in passing along the road.   Upon this state of facts, the instructions given to the jury, although they comprehended the general rules applicable to actions of this nature, and, as abstract propositions, were correct and true, were nevertheless deficient in those qualifications and distinctions which were necessary to adapt them to the case which was proved before the jury.

Under the circumstances, we are of opinion that the defend-
ants had a right to ask that the jury should be instructed that
a town were not necessarily chargeable with damage arising
from every defect existing within the located limits of a high-
way; that they would not be liable for obstructions or defects in
portions of the highway not a part of the travelled path, and
not so connected with it that they would affect the safety or
convenience of those travelling on the highway and using the
travelled path; and that the town would not be legally liable
where an injury was sustained by a party using the road for the
purpose of passing to or from his private way or path, or his
own land, although it was caused by a defect within the limits
of the highway as located by law, but outside the part of the
road used for public travel. These instructions would have
been in accordance with the well settled rules of law in this
commonwealth; *Howard* v. *North Bridgewater*, 16 Pick. 189;
*Shepardson* v. *Colerain*, 13 Met. 55; *Smith* v. *Wendell*, 7 Cush.
498; and were called for as having a direct bearing on certain
aspects of the case which were developed by the evidence.

*Exceptions sustained*